McFarland, J., Henshaw, J., Temple, J.

---

[S. F. No. 589.   Department One.—December 29, 1897.]

## A. H. LISSAK, Respondent, v. CROCKER ESTATE COMPANY, Appellant.

NEGLIGENCE—FALL OF ELEVATOR—EVIDENCE—DECLARATIONS OF PERSON IN CHARGE—RES GESTAE—NARRATIVE OF PAST OCCURRENCE—PREJUDICIAL ERROR—ESTOPPEL OF PLAINTIFF—APPEAL.—In an action for an injury received from the fall of an elevator, owing to the alleged negligence of the defendant, evidence of a conversation had by plaintiff with the person in charge of the elevator after it had stopped in its fall, in which in response to a question as to what had happened he declared that "he lost all control, and the connection cord got broke,"

is incompetent, the declaration being in its nature a narrative of a past occurrence, and no part of the *res gestœ*, and such incompetent evidence, being of a character to charge the defendant with negligence, must be deemed prejudicial; nor can the plaintiff, after insisting upon the admission of the evidence over an objection to its admissibility, be permitted to defend his course by contending, upon appeal of the defendant, that the error was harmless.

Id.—Testimony of Physician—Waiver of Objection—Implied Consent of Patient—Erroneous Order Striking Out.—Where the plaintiff had testified that, after the fall of the elevator he was taken to the office of a physician, and gave testimony respecting the examination and treatment given him by such physician, and the physician was called for the defense and testified, without objection of plaintiff, respecting his examination of plaintiff and the remedies used, and the nature of his injuries, the failure of plaintiff to object thereto was a waiver of objection, and an implied consent to the evidence, which could not be revoked, and it was error for the court, upon plaintiff's objection to further evidence of the witness, upon the ground that he was disqualified, to strike out the evidence previously given by the physician, and to instruct the jury to disregard it.

Review upon Appeal—Amendable Objection to Complaint—Reversal—New Trial.—Where the judgment is reversed and the cause remanded for a new trial, it is unnecessary to review and pass upon an objection to the complaint which may be obviated by amendment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. S. K. Dougherty, Judge.

The facts are stated in the opinion of the court.

Morrison & Foerster, for Appellant.

William H. Jordan, for Respondent.

HARRISON, J.—The plaintiff recovered a verdict against the defendant for personal injuries sustained by the fall of an elevator in which he was at the time a passenger. From the judgment thereon and an order denying a new trial the defendant has appealed. It is alleged in the complaint that the defendant operated and controlled the elevator, and that the same was wholly under its management and control, and was maintained by it for the purpose of carrying passengers to and from the different floors of the defendant's building; that at the time the injury occurred the plaintiff entered it to be thus carried, and the defendant undertook to transport him from the first to the fourth

floor of the building, and that while being so transported the cage of the elevator suddenly fell from about the third floor to the basement with great and excessive violence and rapidity, whereby the plaintiff sustained injury to the amount of five thousand dollars.

1. At the trial a witness on behalf of the plaintiff was permitted, against the objection of the defendant, to give a conversation which he had had with the man in charge of the elevator. His testimony was: "I asked him what in the world happened. He said he lost all control, and the connection cord got broke." This conversation was had after the elevator had stopped in its fall, and after the plaintiff had been taken out of the cage, and formed no part of the *res gestae* and should have been excluded by the court. It was only a statement of what had occurred, and the defendant was not bound thereby. In *Lane v. Bryant*, 9 Gray, 245, 69 Am. Dec. 282, the plaintiff was injured in a collision between his carriage and that of the defendant, and a witness was asked what the defendant's servant said to the plaintiff at the time of the accident, and while the plaintiff was being taken out of the carriage, to which he replied that the servant said that the plaintiff was not to blame. In holding that this evidence was improperly admitted, the court said: "The declaration of the defendant's servant was incompetent, and should have been rejected. It was made after the accident and the injury to the plaintiff's carriage had been done. It did not accompany the principal act on which the whole case turned, or tend in any way to elucidate it. It was only the expression of an opinion about a past occurrence and no part of the *res gestae*. It is no more competent because made immediately after the accident than if made a week or a month afterward." (See, also, *Richstain v. Washington Mills Co.*, 157 Mass. 538; *Beasley v. San Jose Fruit Packing Co.*, 92 Cal. 388; Fetter on Carriers of Passengers, sec. 454.) It cannot be said that this was an immaterial error. The evidence was incompetent, and, being of a character tending to charge the defendant with negligence, it is impossible to say what effect it may have had upon the jury. A party cannot, after insisting upon the admission of improper evidence over an objection to its admissibility, defend his course by contending that the error was harmless. (*Smith v. Westerfield*, 88 Cal. 374.)

2. The plaintiff testified that after the elevator fell he was taken to the office of Dr. Spencer in the same building, and also gave testimony respecting the examination and treatment given him by the doctor. Dr. Spencer was called as a witness by the defense, and, without any objection on the part of the plaintiff, testified respecting his examination of the plaintiff and the remedies prescribed by him. He also stated that the plaintiff came back to him about two weeks later, and, an objection to his testimony in reference to that interview having been sustained by the court, he was then asked by the defendant's counsel his opinion, from what he saw at the examination on the day of the accident, as to the nature of the injury sustained by the plaintiff, to which he replied: "The injury did not impress me as a very serious one. It impressed me as being a moderate wrench of the articulation at the ankle joint—a moderate wrench of the ligaments which bind the ankle joint to the lower end of the leg." The defendant's counsel then asked him: "What would be your opinion, doctor, or what was your opinion, if you then had any, as to the probable effect of that then condition of Mr. Lissak?" Upon the objection of the plaintiff that, under section 1881 of the Code of Civil Procedure, the witness was disqualified from testifying, the court refused to permit an answer to this question. The court then, upon the motion of the plaintiff, struck out the previous testimony of the witness, and instructed the jury to disregard it, to which ruling the defendant excepted.

In this ruling the court erred: Section 1881 of the Code of Civil Procedure, subdivision 4, provides: "A licensed physician or surgeon cannot, without the consent of his patient, be examined in any civil action as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient." When Dr. Spencer was called as a witness the plaintiff had the right to object to his testifying upon the matters named in this section, or he could consent to his being examined in reference thereto. The privilege given by the statute is personal to the patient, and may be waived by him. It is waived when he calls the physician himself as a witness, or when he permits him to give his testimony without making any objection thereto. If the patient once consents to his testifying, he cannot, after the testimony has been given,

revoke the consent and ask to have it excluded. Such consent may be either implied or express, and there was in the present instance an implied consent when the plaintiff permitted the witness to be examined in full by the defendant without any objection. The testimony of the witness was not received through any mistake or inadvertence on the part of the plaintiff, or through any ignorance on his part that he was being interrogated respecting his treatment, or of the nature of what his testimony would be. The plaintiff in his own testimony had stated that he visited the doctor's office, and had been treated by him, and when the doctor was called as a witness by the defendant the plaintiff not only knew that he was to be examined in reference to the same matters, but before the witness had given his testimony the plaintiff's counsel requested and was granted permission to make a preliminary examination and to question the witness with reference to his examination of the plaintiff. It was the duty of the plaintiff, if he intended or desired to object to any further examination, to make his objection at that time, and not to wait until he had learned whether the testimony was favorable or unfavorable, and then ask to have it excluded. "The contestant could not sit by during the examination of the physicians, and after their evidence had been elicited by examination and cross-examination, upon finding it injurious to her case, claim as a legal right to have it stricken out. There are bounds to the enforcement of the statutory provisions which will not be disregarded at the instance of a party who, being entitled to their benefit, has waived or omitted to avail himself of them. It is perfectly true that public policy has dictated the enactment of the code provisions by which the communications of patient and client are privileged from disclosure; but the privilege must be claimed, and the proposed evidence must be seasonably objected to. The rule of evidence which excludes the communications between physician and patient must be invoked by an objection at the time the evidence of the witness is given. It is too late after the examination has been insisted upon, and the evidence has been received without objection, to raise the question of competency by a motion to strike it out." (*Hoyt v. Hoyt,* 112 N. Y. 514.)

3. The defendant demurred to the complaint upon the ground

that it did not state facts sufficient to constitute a cause of action, and it is now insisted by it that its demurrer should have been sustained upon the ground that the complaint fails to allege in express terms that the injury was caused by its negligence, while the respondent contends that this objection to the complaint should have been pointed out by special demurrer, and also that the facts alleged by him sufficiently established negligence on the part of the defendant, and that upon proof of these facts he was entitled to judgment. As the cause is to be remanded for a new trial, it is unnecessary to determine this question, since the objection may be obviated by an amendment to the complaint.

The judgment and order denying a new trial are reversed, and the cause remanded with leave to the plaintiff, if he shall be so advised, to amend his complaint.

Garoutte, J., and Van Fleet, J., concurred.