[S. F. No. 746.   Department Two.—February 2, 1899.]

MARY HECKLE, Respondent, v. THE SOUTHERN PA-
CIFIC COMPANY, Appellant.

ACTION FOR DEATH—EVIDENCE—DECLARATIONS OF DECEASED—RES GESTÆ.
In an action for a death, where it appeared that the de-
ceased had been caught under a wheel of one of the cars, and
was still under the wheel, held there firmly by the weight of
the car, at the time of making the declaration sought to be
proved, it is error to refuse to permit questions to be asked
as to what he said while in that condition and what he said as
to the cause of the accident; but if the answer given should
disclose that what he said as to the cause of the accident, was
in its nature a mere narrative of past events, it should be
stricken out as not being part of the *res gestae*.

ID.—TEST OF RES GESTÆ—NARRATIVE OF PAST EVENTS—APPLICATION OF
PRINCIPLES TO FACTS.—A declaration, to be admissible as part of the
*res gestae*, must be an undesigned part or incident of the oc-
currence in question, and must be the natural and spontane-
ous outgrowth of the main occurrence. It must exclude the
notion of deliberation, or calculation, or design to make evi-
dence for future purposes; and if it be a narrative of past
events, it is inadmissible hearsay, and must be excluded. The
difficult task is always to apply established principles to the
facts of the case in hand.

ID.—ERRONEOUS INSTRUCTIONS—BURDEN OF PROOF—KNOWLEDGE OF DE-
FENDANT AS TO DEFECTIVE CROSSING—CONTRIBUTORY NEGLIGENCE.—
It is erroneous to instruct the jury that plaintiff must estab-
lish by a preponderance of evidence "that the defendant had
no notice or knowledge that the crossing was out of repair,
and that such absence of knowledge was not due to defend-
ant's neglect in examining the crossing"; and it is also erron-
eous to instruct the jury that "plaintiff must prove by a pre-
ponderance of evidence that the deceased was free from con-
tributory negligence."

APPEAL from an order of the Superior Court of the City and
County of San Francisco granting a new trial. William R.
Daingerfield, Judge.

The facts are stated in the opinion of the court.

J. C. Campbell, for Appellant.

Delmas & Shortridge, for Respondent.

McFARLAND, J.—This action is brought by a mother to recover damages for the death of her son, who was killed by an accident on the railroad of the defendant. The jury found a verdict for the defendant; but the trial court made an order granting plaintiff's motion for a new trial, and the defendant appealed from that order.

The motion for a new trial was made upon three grounds: 1. That the court erred in sustaining defendant's objection to a certain question asked of the witness W. G. Dudley; 2. That the court erred in giving a certain instruction to the jury; and 3. That the court erred in giving a certain other instruction.

1. Dudley was a witness for the plaintiff, and the questions asked him to which objections were sustained related to what Heckle, the deceased, told the witness at the time of the accident. He was asked this question: "At that time did he say anything to you?" and, also, "What did Heckle say to you? What did he say as to the cause of the accident?" It is contended by respondent that these questions were proper because they were inquiries about declarations which were part of the *res gestae;* and defendant claims that they were not admissible as part of the *res gestae.* The court concluded that it had erred in sustaining objections to the questions; and the question here now is whether or not the court erred in granting a new trial for that reason.

There is no great difficulty in stating the general principles which prevail in determining whether in a given case certain declarations or acts are parts of the *res gestae.* A declaration, to be admissible on that ground, must be an undesigned part, or incident, of the occurrence in question. It must be, in a general sense, contemporaneous with the main occurrence, although, in case of a sudden accident or attack, the declaration would not be inadmissible merely because the blow or collision immediately preceded it; it must be the natural and spontaneous outgrowth of the main occurrence, and must exclude the notion of deliberation or calculation, or the design to manufacture evidence for future purposes; and, if it be a mere narrative of past events, it then is clearly within the category of inadmissible hearsay, and must, beyond doubt, be excluded. The authorities cited by respective counsel, although apparently somewhat in conflict, will be found, on close inspection, to be based on the same general

principle, and their apparent restrictions and extensions of the rule will be found, in the main, to be mere applications of the same doctrine to varying facts. The difficult task always is to apply established principles to the facts of the case in hand.

In the case at bar, we do not think that the court erred in holding that it should have overruled the objections to the questions asked. The evidence contained in the record makes rather a meager showing of the exact situation at the time of the declarations of the deceased, Heckle, to which the questions asked Dudley referred. It appears, however, that the deceased had been caught under a wheel of one of the cars, and was still under the wheel, held there firmly by the weight of the car, at the time he made the declarations sought to be introduced in evidence. It might be very well said, therefore, that the accident had not been completed and the occurrence had not ended at the time of the declarations inquired after. And it does not appear with any certainty how long it was after the deceased had been first caught by the car wheel until he had the conversation with Dudley; but it does appear that the time was very short. Dudley heard the cry of the deceased and went to him immediately, and it appears that he ran only a short distance to warn the conductor not to start the train and immediately ran back to the deceased, when the declarations sought to be proven were made. It is possible that this time was so long that the declarations of the deceased, although he was still under the car wheel, may have been of the character of a narrative of past events; and it may have been that the declarations themselves, if they had been received in evidence, would have shown that they were a mere narrative; and it is possible that they may have been of such a character that it would have been the duty of the court to have stricken them out. Therefore, what we say here would be no guide to the court below if upon another trial the facts should be more fully shown, and it should then appear that the declarations should not be received as part of the *res gestae.* But upon the facts as they here appear answers to the questions ruled out might have been perfectly proper. We think, therefore, that the court erred in refusing to allow any answer to the questions asked, and did not err in granting a new trial for that reason.

2. As to the two instructions complained of by respondent as erroneous, the point is made by appellant that no exception was properly taken to the giving of said instructions. Before the jury retired a colloquy took place between the court and counsel on both sides. Respondent claims that this colloquy constituted an exception to the giving of the instructions, and appellant contends that the effect of that colloquy was merely to give to respondent a right to take exceptions which he did not take. As the order must be affirmed on the point hereinbefore discussed, it is not necessary for us to determine whether or not the proper exceptions were taken to the two instructions. But, as the case will probably be retried, it is proper for us to say that both instructions were erroneous. The first instruction complained of, or at least that part of it which is material, is as follows: "Before you can find a verdict for the plaintiff you must find that the plaintiff has established by a preponderance of all the evidence in the case. . . . . 4. That the defendant had no knowledge or notice that said crossing was out of repair, and that such absence of knowledge, if any, was not due to defendant's neglect in the matter of examining the crossing." Of course, if the plaintiff were compelled to prove this she would have to prove that she had no case. Appellant contends that the word "no" before "knowledge" was a mere clerical mistake; but if the word "no" were left out the sentence would either have no meaning at all, or would be just as bad as it was before. By the other instruction complained of the jury were told that the plaintiff must prove by a preponderance of evidence that the deceased was free from contributory negligence—which is not the law.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.