[Civ. No. 9682. Second Appellate District, Division Two.—March 19, 1935.]

HERMAN A. REUTER, Respondent, v. THE PACIFIC MUTUAL LIFE INSURANCE COMPANY OF AMERICA (a Corporation), Appellant.

334

Knight, Boland & Riordan, Loeb, Walker & Loeb, W. H. Anderson and Herman F. Selvin for Appellant.

Erwin P. Werner, Joseph L. Fainer, Clifton Hildebrand and Thomas F. McCue for Respondent.

SCOTT, J., *pro tem.* — This is an appeal by defendant from a judgment in favor of plaintiff on certain policies of disability insurance.

In November of 1923, upon application of plaintiff, defendant issued to him four policies of disability insurance, each providing benefits of $100 a month. In March of 1928 plaintiff notified defendant that he was permanently and totally disabled, declaring that he was at that time suffering from syphilis. Defendant refused to pay, asserting that plaintiff was thus afflicted when the policy was applied for and his concealment of the fact was fraudulent. Plaintiff denied he was thus afflicted in 1923, and upon defendant's refusal to pay filed suit against defendant. After some negotiations defendant paid plaintiff $2,000 on each policy, totaling $8,000, by way of settlement. That action was then dismissed with prejudice, in April, 1929.

About November, 1933, plaintiff and his physicians discovered (and defendant does not dispute it) that he was not suffering from syphilis but that his case was then and had been one of encephalitis or sleeping sickness, a disease which is different from syphilis in origin and character although resembling it in some of its aspects. It appears from the record that if plaintiff in 1928 had been afflicted with syphilis which was of a stage as advanced as indicated by the physicians, there would have been some probability that he had suffered from it when he took out the insurance; whereas, when encephalitis rather than the other malady was discovered to be the disease from which plaintiff was suffering, such probability of syphilitic infection at the time of the issuance of the insurance policy was removed.

Plaintiff thereupon in 1933 notified defendant that he rescinded the contract of settlement above referred to, offered to return to defendant the money received thereunder and filed this suit on the original insurance policies, acknowledging as payment on each the sum received as such settlement. In its answer defendant pleaded the contract of settlement and dismissal of the prior action. Upon trial by jury a verdict was returned in favor of plaintiff for ''the then present value on 23rd day of May, 1928, of the sum of $400 per month for the plaintiff's life expectancy of 23 years from and after the 23rd day of May, 1928, less the sum of $8,000 paid plaintiff April 17, 1929, with interest on said $8,000 at the legal rate''. Judgment for plaintiff was entered thereon for $55,341.60.

Appellant contends that the compromise was improperly set aside, that this action is barred by the dismissal of the former action and also by the statute of limitations, and that a judgment for present value of all future instalments is erroneous.

The contract of settlement was entered into under a mistaken belief on the part of both plaintiff and defendant that the former at the time of settlement was suffering from syphilis and from that mistaken belief developed some contention as to whether plaintiff had been thus afflicted when he took out the policies. Such belief was a mistake of fact under Civil Code, section 1577, which reads: "Mistake of fact is a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in: (1) An unconscious ignorance or forgetfulness of fact past or present, material to the contract; or (2) belief in the present existence of a thing material to the contract, which does not exist, or in the past existence of such a thing, which has not existed." "An apparent consent is not real or free when obtained through . . . mistake" (Civ. Code, sec. 1567); and "the consent of the parties to a contract must be free." (Civ. Code, sec. 1565.) "A party to a contract may rescind the same . . . if the consent of the party rescinding . . . was given by mistake." (Civ. Code, sec. 1689.) In support of the verdict it will be presumed that the jury concluded that the release and settlement were entered into by mistake, and were therefore properly rescinded. (*Hudgins* v. *Standard Oil Co.*, 136 Cal. App. 44 [28 Pac. (2d) 433].)

The causes of action upon which plaintiff was entitled to recover in this case were the instalments which had accrued under the policies subsequent to dismissal of the prior suit. Since they had not matured at that time and were not the subject-matter of the former action, they cannot be held to have been included in such dismissal nor to be barred by it. Nor would they be barred by the statute of limitations, since this suit was commenced in June of 1933 and the amount already paid by defendant would include instalments extending to a date within less than four years from filing of this action. (Code Civ. Proc., sec. 337.) "The statute of limitations begins to run against a cause of action as soon as the right of action has accrued" and

not before. (*Lattin* v. *Gillette*, 95 Cal. 317 [30 Pac. 545, 29 Am. St. Rep. 115].)

■ Plaintiff is not entitled to judgment for the present value of future instalments. His recovery is limited to such instalments as have accrued. (*Robinson* v. *Exempt Fire Co.*, 103 Cal. 1 [36 Pac. 955, 42 Am. St. Rep. 93, 24 L. R. A. 715]; *Brix* v. *Peoples Mutual Life Ins. Co.*, 2 Cal. (2d) 446 [41 Pac. (2d) 537].)

■ The complaint in the instant case pleaded each policy as the basis for two counts, the first seeking the total sum that would be due as damages for breach of each contract under the theory of anticipatory breach, the second being for accrued instalments only.

At the trial court's request plaintiff made an election, choosing to proceed to trial on the counts setting up the larger amounts. Such purported election would not operate to deprive plaintiff of his remedy, since the pleading of the counts on which he proceeded to trial were sufficient to support the recovery to which he is entitled. They necessarily included every element that would have been essential to recovery if he had been suing for the accrued payments only.

Since the case must be remanded to the trial court for determination as to the amount of accrued instalments, the respondent may file a verified supplemental complaint setting out the amount of instalments that have accrued up to time of filing thereof. If controverted the trial court shall determine the amount; otherwise judgment shall be entered for respondent for the amount accrued plus seven per cent interest from due dates of such instalments.

Judgment reversed with directions to the trial court to proceed in conformity with the course above indicated.

Stephens, P. J., and Crail J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 12, 1935, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing appellant professes inability to distinguish the instant case from one in which a contract providing instalment payments is involved

and insists that the case of *Baker* v. *Eilers Music Co.*, 175 Cal. 657 [166 Pac. 1008], would preclude further suit after the dismissal of the prior action.

It appears quite clear that the first suit between these parties was for payments on account of disability, which was a contingent hazard and which recovery, if any, under the cases cited in our opinion in this case would be limited to those payments which had accrued by reason of the happening of the contingency. The dismissal with prejudice could not serve to foreclose plaintiff from the enforcement of a right subsequently accruing. Appellant filed a cross-complaint in the first case, asking cancellation of the insurance contract for the reasons which it advanced in urging that it was nonenforceable. That cross-complaint was dismissed with prejudice at the same time the complaint was dismissed.

We assume appellant was aware that the only issue under which the trial court in the first case could have canceled the insurance contract was the issue raised by the cross-complaint which was thus dismissed with prejudice at appellant's own request. When the trial court properly determined in the instant case that the policy was still in effect, there was nothing to prevent recovery by plaintiff of amounts accruing by reason of the subsequent happening of the contingency assured against.

It is this same principle of law which keeps the statute of limitations from applying until the happening of the contingency. It is elementary that where a written contract provides for payment of indemnity in the event of the happening of a contingency, of which there may be a series, the statute does not start to run until the happening of the very contingency for which recovery is sought.

Rehearing denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1935.