[S. F. No. 15358.   In Bank.—May 26, 1937.]

CHARLES J. SETHMAN, Respondent, v. LAVINA F. BULKLEY et al., Appellants.

G. H. Van Harvey and Harold E. Haven for Appellants.

Morris, Jaffa & Sumski for Respondent.

CURTIS, J.—The principal question involved in this case is whether a letter written by the mother of the plaintiff stating that she had arranged with his two sisters, the defendants, to pay to him certain money upon her death was admissible in evidence against the two sisters to show a promise on their part to pay to the brother said sums of money. The mother on February 18, 1926, executed and delivered two deeds in which she conveyed by one of said deeds the title to certain real property in San Francisco to one of the defendants and by the other she conveyed another piece of real property to the other defendant. On the same day, she executed and delivered an assignment of a mortgage to the two defendants. Upon her death there was found in her safe deposit box a letter, bearing date February 18, 1926, being the same date on which she executed the two deeds and the assignment of mortgage to the plaintiff's sisters, in which the mother stated that she had arranged with them that they should pay to him on her death the sum of $500, and certain monthly payments of $25. There was further evidence that the mother on January 10th in the following year was taken by the defendant, Mrs. Bulkley, to the attorney of the latter for the purpose of making her will. Mrs. Sethman, the mother, showed the attorney the letter of February 18, 1926, and directed the at-

torney to incorporate in her will a bequest to her son of the same character as that stated in her letter. Referring to this bequest, the will provides: "This gift and bequest to my son is also made in accordance with the terms of that certain letter dated, San Francisco, California, February 18, 1926, directed to my said son and signed by me as his loving mother, Cathrina Sethman, which said gift and bequest and said letter in no sense provide for separate payments, but constitute solely one and the same payment, said gift and bequest being limited by the terms hereof and of said letter." The will was prepared as directed and executed by her. The attorney asked her at the time if any money had been paid over to her daughters for that purpose, and she replied that she paid nothing over to them for that purpose. The attorney at the same time prepared a deed of gift which was executed and delivered by Mrs. Sethman to her daughters whereby she conveyed to her two daughters as joint tenants all her real and personal property. Thereafter Mrs. Sethman executed and delivered to her two daughters various other assignments of mortgages and trust deeds, six in number. She died on the 9th day of April, 1932, and left property which was appraised at only $445. The defendants testified that they never had any agreement or arrangement with their mother that they would pay any sum of money to the plaintiff, and that their mother never informed them that she had written the letter of February 18, 1926, nor did they have any knowledge of the existence of said letter until it was found after her death in the safe deposit box. The plaintiff also testified that he had no knowledge of said letter until after his mother's death, and that his mother never spoke to him regarding said letter. The trial court found the mother had, prior to her death, made certain transfers of real and personal property to the defendants, upon the promise by defendants that they would pay to the plaintiff the several sums of money mentioned in said letter of February 18, 1926, and rendered judgment in favor of the plaintiff for the sum of $500, and for all said monthly payments that had accrued up to the day of trial, and also for all monthly payments which might accrue in the future by virtue of the defendants' promise to their mother. The judgment further gave to plaintiff a lien to secure these payments upon the property conveyed to defendants by the mother. The defendants have appealed from this judgment.

The principal contention of the defendants on this appeal is that the evidence is insufficient to support the findings of the trial court that the mother had prior to /her death made said transfers of real and personal property to the defendants upon their promise to pay to the plaintiff the sums of money mentioned in said letter. This contention rests for support mainly upon the alleged error of the trial court in admitting in evidence the letter of February 18, 1926. If said letter was properly admitted in evidence—which the defendants do not concede—it is contended by the plaintiff that it furnishes ample evidence to support the findings of the court in the respect just mentioned.

As we have seen, the letter and three transfers of property by the mother to her two daughters bore the same date. It is presumed that a writing is truly dated. (Subd. 23, sec. 1963, Code Civ. Proc.) There is no evidence in this case to overthrow this presumption. The uncontradicted evidence, therefore, in this case is that the mother wrote this letter, in which she stated that she had arranged with her daughters to make the payments called for in the letter, at the date on which she conveyed to her two daughters the two pieces of real property and assigned to them a mortgage given to secure a promissory note in a substantial amount. From these proven facts, the trial court drew the inference that said letter was written and said transfers of property were made as one transaction, and that the letter was admissible to show the true intent and purposes of the parties involved therein. As a part of the same transaction the letter was admissible under the *res gestae* rule which, as stated in section 1850 of the Code of Civil Procedure, is as follows: "Where, also, the declaration, act, or omission forms part of a transaction, which is itself the fact in dispute, or evidence of that fact, such declaration, act, or omission, is evidence, as part of the transaction."
The fact in dispute in this action is whether the mother arranged with her daughters that upon her death they would pay to their brother certain sums of money. The letter expressly states that such an arrangement had been made by her with her daughters. It was, therefore, evidence of the fact in dispute, and was admissible for the purpose of proving that fact. It is true that the letter was not delivered, and was left by the mother in her safe deposit box, where it was found in a sealed envelope with her will immediately after her

death. The fact that the letter was not delivered before the death of the writer did not destroy its admissibility as part of the *res gestae* or render it insufficient as proof of the statements therein contained. (*Rogers* v. *Manhattan Life Ins. Co.,* 138 Cal. 285 [71 Pac. 348].) With this evidence properly admitted in evidence, the least that can be said in favor of the defendants' contention that there is a lack of evidentiary support of the findings, is that the evidence as a whole upon the issue involved is in conflict, and that the trial court's conclusion is final upon appeal. Defendants lay great stress upon their evidence that they never had any understanding or arrangement or agreement with their mother to pay their brother anything and upon the testimony of the attorney who drew their mother's will that she told him that no arrangements had been made with her daughters to pay their brother. This evidence was all before the trial judge, and evidently it did not sufficiently impress him of its truthfulness to cause him to find for the defendants. If the defendants agreed with their mother to make the payments called for in the letter, then a personal judgment against them is proper. The judgment impressing a trust upon the property received by defendants from their mother under the conditions which were shown to exist between the mother and daughters was proper. (*Smith* v. *Lombard,* 201 Cal. 518, 527 [258 Pac. 55] ; *Cooney* v. *Glynn,* 157 Cal. 583 [108 Pac. 506].)

However, we are of the opinion that the decree in this case goes beyond the legal limits when it purports to give judgment in favor of the plaintiff for monthly payments which were to accrue after the date of the trial. It is true that there are equitable features in this action in so far as it involves the issues as to whether a trust should be imposed upon defendants' property to secure the payment of the amounts found to be due from defendants, but when determining these amounts, we must resort to the agreement which was found to have been made between the defendants and their mother, and the issue thus made was purely legal and must be governed by legal principles. The right of a plaintiff to recover future instalments due under a contract, that is, payments to become due after the conclusion of the trial, was before this court in the case af *Brix* v. *Peoples Mutual Life Ins. Co.,* 2 Cal. (2d) 446 [41 Pac. (2d) 537]. It was there held that in an action for the recovery under a contract

calling for monthly payments, the judgment must be limited to those instalments due up to the date on which the trial was concluded, and that it was error for the trial court to include in its judgment instalments which were to become due after that date. That case has been followed in *Cobb* v. *Pacific Mutual Life Ins. Co.*, 4 Cal. (2d) 565, 571 [51 Pac. (2d) 84], and *Reuter* v. *Pacific Mutual Life Ins. Co.*, 5 Cal. App. (2d) 333, 337 [43 Pac. (2d) 576]. Further answering plaintiff's contention that the rule against recovery of future instalments while applicable to actions at law, does not govern suits in equity, we might demonstrate the fallacy of this argument by the following illustration: In an action on a promissory note, payable in instalments, without any acceleration clause therein, recovery on said note could only be had for the instalments due at the date of trial, or at most at the time judgment was entered. If this same note were secured by a mortgage, and a suit in equity were brought to foreclose the mortgage, we do not apprehend that anyone would contend that the plaintiff in such equitable proceeding could recover on said note any instalment payments beyond those recoverable in an action at law on the note alone. It will, therefore, be necessary to modify the judgment by striking therefrom that portion thereof which provides for the recovery of the monthly instalments falling due after July 9, 1934, the date of the judgment being July 18, 1934. This modification of the judgment will not affect that portion thereof which gives to the plaintiff a lien upon the property described in said judgment as security for the payment of all monthly instalments of twenty-five dollars each, which may become due to the plaintiff in the future under the agreement between the defendants and their mother as stated in said letter of February 18, 1926.

The judgment is, therefore, modified by striking therefrom that portion thereof which purports to award payment for the recovery of monthly instalment payments to become due after July 9, 1934, and as so modified, the judgment is affirmed.

Shenk, J., Seawell, J., and Langdon, J., concurred.

THOMPSON, J., Dissenting.—I dissent. The letter involved demonstrates its inadmissibility. In order to come

within the *res gestae* rule the statement or declaration must have been made under circumstances precluding the idea of deliberation or premeditation; it must have been made without opportunity to deliberately concoct a false statement. The contents of this letter purport to be not a spontaneous declaration, but a narrative of past events, a statement of something which had already happened. The letter reads:

"I have arranged with your sisters Alvina and Louise to have them pay you the sum of Five Hundred Dollars ($500.00) immediately after my death, and thereafter the sum of Twenty-Five Dollars ($25.00) monthly for a period of One Hundred and Sixty (160) months. Should you pass away before such time, all payments are to cease.

"Should your present wife die before said monthly payments have all been paid you, they will pay you immediately in a lump sum the balance remaining."

In *Williams* v. *Southern Pac. Co.*, 133 Cal. 550–555 [65 Pac. 1100, 1102], we find this language: "If spontaneous, and caused by the event, they may nearly always be shown. But if, afterwards, no matter how shortly afterwards, there is an attempt to explain what has happened, or to account for it, or to defend one's self, or the like, it is incompetent, and inadmissible as *res gestae*. A narrative, even if given during the occurrence, is inadmissible. (*Heckle* v. *Southern Pac. Co.*, 123 Cal. 441 [56 Pac. 56].) There the declaration attempted to be shown was made by the injured person while under the car-wheels. This court remarked that the occurrence had not been ended, and yet if it should appear that the remark was a narration of what had occurred, rather than a spontaneous expression—and outgrowth of the occurrence—it was not competent. (See, also, *Lissak* v. *Crocker Estate Co.*, 119 Cal. 442 [51 Pac. 688]; 1 Greenleaf on Evidence, sec. 113.)" Other statements might be quoted because the authorities are legion to the effect that the narration or recital of past events cannot be admitted under the theory that it is a part of the *res gestae*. In fact, there is an unanimity of opinion in the cases to the point.

Rehearing denied. Edmonds, J., voted for a rehearing.