[Civ. No. 19908.   Second Dist., Div. One.   July 13, 1954.]

SAM DOLBERG, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Appellants.

Spray, Gould & Bowers and Malcolm Archbald for Appellants.

Paul Braslow for Respondent.

DRAPEAU, J.—Plaintiff, Sam Dolberg, was driving his Chevrolet panel truck across the right of way of defendant, Pacific Electric Company, when he was struck by defendant's two-car electric train. Plaintiff's action for damages, tried by a jury, resulted in a verdict for defendant.

The trial court determined it was error in law to have permitted testimony of statements made by the motorman of defendant's train to a police officer. For that reason plaintiff's motion for a new trial was granted. Pacific Electric Company appeals from the order granting a new trial.

Whether or not this testimony was hearsay or was admissible under the res gestae rule is the only question for decision in this case.

The officer and his partner were notified of the accident at approximately 6:50 p. m. They arrived at the scene at approximately 6:55 p. m. No one testified as to the exact time of the accident.

Five or ten minutes after his arrival the officer found the motorman of the train, and talked with him. Over plaintiff's objection the officer stated in detail what the motorman told him. The officer testified that the motorman said, "He estimated that his speed at the time was approximately 25, and he felt that the car was going about 25 to 30. He noticed at that time that the car was skidding, appeared to be stopping; and just as it came to a stop on the tracks the train hit it. He estimated that his speed at the time was approximately 15 miles an hour on impact."

The officer further testified that the motorman told him that "he hit his emergency air brakes" as soon as he saw the automobile approaching and that he felt that he was doing approximately 25 miles an hour as he approached the intersection.

Without repeating all of the hearsay, it may fairly be said that the testimony of this witness, corroborative of the motorman's testimony on the trial, must have materially added to the weight of defendant's case with the jury.

Pacific Electric Company relies upon the leading case of *Showalter* v. *Western Pacific R. R. Co.*, 16 Cal.2d 460 [106 P.2d 895]. In that case the California rule first

enunciated in *People* v. *Vernon*, 35 Cal. 49 [95 Am.Dec. 49], is repeated and approved (p. 465):

"Declarations which are voluntary and spontaneous and made so near the time of the principle act as to preclude the idea of deliberate design, though not precisely concurrent in point of time therewith, are regarded as contemporaneous and admissible."

Many cases decided after *People* v. *Vernon* departed from the rule above stated. These cases applied an improper test, to wit: that the utterances must have been made before the principal act itself was completed. (See cases cited p. 465 in the Showalter case.)

So the narrow rule of these cases was disapproved. ". . . where a declaration is made under the immediate influence of the occurrence to which it relates and so near the time of that occurrence as to negative any probability of fabrication, said declaration is admissible." (Showalter case, p. 467.)

But it is to be remembered, as Mr. Justice Carter points out in the Showalter case, that this more liberal rule of necessity requires the exercise of a judicial discretion by the trial court. Thus we have a scientific legal approach to the proper application of the rule of res gestae—a basic rule to be administered with sound judicial discretion.

The element of time alone is not and should not be controlling. To determine whether or not hearsay declarations are admissible in evidence it is the duty of the trial judge to consider and to say whether or not all of the elements necessary to the application of the res gestae rule are present. Was the utterance spontaneous and unreflected? Was it made before there had been time to contrive and misrepresent? And was it related to the circumstances of the occurrence preceeding it? (Wigmore on Evidence [2d ed.], § 1750.)

In the Showalter case the corollary to the basic rule is also stated: That the trial judge before whom the witness has appeared is better prepared to pass upon the admissibility of such statements than is an appellate court, and the ruling of the trial judge will not be disturbed unless he has abused his discretion. (See also *Coryell* v. *Clifford F. Reid, Inc.*, 117 Cal.App. 534, at page 536 [4 P.2d 295].)

The judge's ruling in this case was to the effect that the declarations were not voluntary and spontaneous, and

were made so long after the time of the accident as to indicate the probability of deliberate design. This court finds no abuse of discretion in that ruling.

The order is affirmed.

White, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 8, 1954.