[Crim. No. 1311.   Fourth Dist.   Aug. 21, 1957.]

THE PEOPLE, Respondent, v. ROY MIRAMONTES, Appellant.

James Edgar Hervey, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant Roy Miramontes was found guilty by a jury of the crime of possession of a narcotic in violation of section 11500 of the Health and Safety Code. He admitted two prior convictions of burglary charged in the information.   Probation was denied and he was sentenced to state prison for the term prescribed by law and appeals from the judgment of conviction.

On October 15, 1956, at approximately 10 p. m., police officers, after obtaining a search warrant therefor, entered the appellant's home in San Diego.   Officer Dodge found a cardboard box in the garage containing, among other things, what appeared to be marijuana seeds.   He also found a vacuum cleaner in the garage, the contents of which he emptied onto a newspaper.   These items were later delivered to the police laboratory for analysis.   Officer Wilson searched appellant's

clothes and emptied the contents of his pockets onto a news-paper for later analysis. A few minutes later Officer Wilson, in searching the rear yard, found a paper sack containing marijuana in some lawn cuttings piled under an inverted wheelbarrow. Officer Myrann found cigarette wrapping paper in appellant's automobile, which was on the premises.

Police Officer Hawley, attached to the criminal laboratory division of the city of San Diego, examined and tested all of the items which had been removed from appellant's prem-ises. His examination revealed that the paper sack found in the rear yard under the wheelbarrow contained fifteen ounces of marijuana and seeds (sufficient to make approximately 1,000 cigarettes); that the debris removed from the vacuum cleaner contained small particles of marijuana, as well as the contents of the cardboard box found in the garage; that appellant's clothing also contained small fragments of mari-juana.

The paper sack and contents found under the wheelbarrow were shown to the appellant, who was on the premises at the time the search was made. He stated that the marijuana did not belong to him and that "it was being planted."

The evidence was amply sufficient to sustain the judgment of conviction of the offense charged and the appellant does not question its sufficiency. ▪ He argues that the court was guilty of prejudicial misconduct in that before the jury retired for deliberation, the judge, after stating that he was sending certain exhibits with them to the jury room, which exhibits included marijuana seeds, stated, "About those seeds, don't take one out and plant it. It will get you into trouble." It is apparent that the trial court's remarks were made in the spirit of jocularity. Appellant did not object to them or ask that the jury be instructed to disregard them. The re-marks were apparently not intended to and did not sway the jury upon any phase of the issue involved. No prejudicial error appears in this connection. (*Pacific Coast A. Bureau* v. *Indemnity Ins. Co.*, 115 Cal.App. 583, 587 [2 P.2d 218]; *Frazure* v. *Fitzpatrick*, 21 Cal.2d 851, 861 [136 P.2d 566].)

Appellant's next and final argument is that there is newly discovered evidence of appellant's innocence in that appellant was told by an inmate of the San Diego county jail that said inmate had overheard another state that the marijuana had been planted in appellant's yard. No affidavits were presented in support of appellant's application for a new trial on the ground of newly discovered evidence and his

motion for a new trial was withdrawn, although the trial court granted him time and his freedom from restraint in order to give him an opportunity to produce additional testimony. Under the circumstances, the trial court did not abuse its discretion and no prejudicial error was established. (Pen. Code, § 1181, subd. 8; *People* v. *Eppinger,* 114 Cal. 350, 354 [46 P. 97].)

Counsel for appellant, appointed by this court, after having obtained permission to file a report in lieu of an opening brief (*People* v. *Dodd,* 113 Cal.App.2d 682, 683 [248 P.2d 965]) set forth in his report the two contentions made by appellant and stated that in his opinion the remarks made by the trial judge did not constitute reversible error, and that the so-called "newly discovered evidence" urged by appellant is not ground for reversal of the conviction. We are in accord with this opinion of counsel.

Judgment affirmed.

Barnard, P. J., concurred.