[Crim. No. 3523.   First Dist., Div. Two.   July 17, 1959.]

THE PEOPLE, Respondent, v. CARL DePRIMA et al., Appellants.

Cragen & Wadleigh and Edward L. Cragen for Appellants.*

Stanley Mosk, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and Peter T. Kennedy, Deputy Chief Attorney General, for Respondent.

KAUFMAN, P. J.—Defendants Carl DePrima and Silvio Domenico were indicted by the Grand Jury of the City and County of San Francisco for conspiracy and burglary. (Pen. Code, §§ 182, 459.) Defendant Domenico was also indicted for a violation of section 12021 of the Penal Code. (Possession of a weapon by a former felon.) Both pleaded not guilty and admitted the prior convictions charged by the indictment. A jury trial resulted in a verdict finding both the defendants guilty of conspiracy and burglary in the second degree. They

---

*Counsel appearing on appeal were not counsel for appellants in the trial court.

appeal from the judgment of conviction and the order denying their motion for a new trial, arguing that they were denied a fair trial because of certain acts and arguments of the prosecution, and the trial court's erroneous exclusion of certain evidence relating to the defense of entrapment.

The facts are not in dispute. The complaining witness, Massirio, was the coowner of the Ebb Tide Bar at 641 Bush Street on an alley called Chelsea Place in San Francisco. On the evening of September 10, 1957, he was tending bar there. About 1:30 a.m. the defendants entered. Domenico ordered a beer and DePrima went downstairs to the men's room.

After the defendants left about 2 a.m., Massirio went to the men's room and noticed that the false ceiling had been pulled down exposing the air vent which opened onto Chelsea Place. After locking up the Ebb Tide about 2:15 a.m., Massirio saw three men in a parked Chevrolet sedan. He thought two of the men were the defendants but was not certain of their identity.

Lieutenant Elbert of the burglary detail of the San Francisco Police, testified that between 1:15 and 2 a.m., he and Inspector Denser were stationed in Room 203 of the Colonial Hotel at 650 Bush Street, right across the street from the Ebb Tide. They saw Mr. Massirio lock up and about 10 minutes later saw two men going east on the south side of Bush Street. The taller of the two men went down the Chelsea Place alley to the wall of the Ebb Tide, and he began to work on a window. The shorter man walked back and forth as a lookout. There were loud metal thumps as if someone was trying to remove the grill in the basement window of the Ebb Tide. Then the taller man entered the building head first through the basement window, while the other man walked down Bush Street and out of sight. Lieutenant Elbert made contact with other police officers in the area and kept watching for about 20 minutes until the tall man emerged by the basement window.

Officer Denser also saw the defendant DePrima working on the grate, enter the air vent and later emerge. He ran to the alley and found the defendant DePrima lying on a newspaper on the pavement. A pair of combination pliers and wirecutters were found underneath the newspaper. At the trial, a criminologist testified that these cutters had made the cuts on the grate of the basement window. Roger Elauria, who lived on the 6th floor of the building where the Ebb Tide was located, heard the noise, and through his binoculars observed

someone crawling into the Ebb Tide. A subsequent investigation at the Ebb Tide revealed that the grill to the basement window had been removed, an entry made through the air vent; and that an attempt had been made to break into the liquor room.

Meanwhile, Lieutenant Elbert had left to look for the other man. Lieutenant Elbert heard an engine start in a car and saw two men in a Chevrolet. He recognized one of them as the shorter man and later identified him as the defendant Domenico. Another police officer also identified the defendant Domenico as being in the area at the time of the break-in at the Ebb Tide. The other person in the car was one Maurice "Bo" Friedman, who pled guilty to the burglary charged by the indictment. A .22 caliber pistol was later found in the car under the seat where the defendant Domenico had been sitting. This weapon was admitted into evidence at the trial.

At the trial, only the defendant DePrima took the witness stand. He admitted going to the Ebb Tide about 1:30 a.m. on September 10th, and that he was to conceal himself inside the bar. He stated that he had tried to secrete himself in the ceiling of the men's room, and admitted breaking in the grill of the basement window. He also stated that Domenico was in the area.

The first allegation of error on appeal relates chiefly to the prosecution's allegedly improper attempts to bring the defendant Domenico's prior criminal offense to the attention of the jury. As the defendant DePrima took the stand and by his testimony virtually admitted both crimes and the presence of the defendant Domenico, the alleged error could not have in any way been prejudicial to him. We will therefore treat the first alleged error only in relation to the defendant Domenico.

The error relates to the following occurrences. At the close of the prosecution's case, over objection, proof of the defendant Domenico's criminal record was introduced as part of the proof of the charge of the violation of section 12021 of the Penal Code. The district attorney then rested his case and the court adjourned for lunch. After lunch, the district attorney moved to dismiss this charge for lack of sufficient evidence to connect the defendants with the pistol found in the automobile. The motion was granted. On appeal, defendant Domenico argues that his prior record should not have been introduced as he did not take the witness stand, and that the district attorney's subsequent motion indicates lack of good

faith. There is no merit to either of these arguments. ■ It was not error to admit the record of the prior conviction where it was an element of the offense of possession of a weapon by a former felon. (Pen. Code, § 12021; *People* v. *Garrow*, 130 Cal.App.2d 75 [278 P.2d 475].) ■ The elements of this offense are conviction of a felony and ownership or possession of a firearm. (*People* v. *Schunke*, 47 Cal.App.2d 542 [118 P.2d 314].) ■ The determination of the element of possession is a question of fact for the jury. (*People* v. *Glancy*, 142 Cal.App.2d 669 [299 P.2d 18].) ■ The presence of the gun here raised a sufficient inference of possession by the defendant Domenico to warrant an indictment. There is nothing in the record to indicate bad faith on the part of the prosecution, or to overcome the presumption of regularity of the actions of the district attorney. ■ Error will not be presumed on appeal. (*People* v. *Farrara*, 46 Cal.2d 265 [294 P.2d 21].)

It is also argued that by the following colloquy, which occurred on cross-examination of the defendant DePrima, was prejudicial reversible error.

"Q. Well, you knew Mr. Domenico, isn't that true, sir? A. No, sir.

"Q. You knew Domenico when you were in San Quentin together? A. No, sir. Afraid you are wrong. You better check your record there."

■ While the question is clearly erroneous, there were no objections made to this line of cross-examination, nor was a motion to strike made, nor was the court requested to admonish the jury. The failure to object waives the objection and defendant cannot object for the first time on appeal. (*People* v. *Beal*, 108 Cal.App.2d 200 [239 P.2d 84]; *People* v. *Simon*, 80 Cal.App. 675 [252 P. 758].) In *People* v. *Wardwell*, 167 Cal.App.2d 560, 564-565 [334 P.2d 641], a somewhat similar question was upheld as proper on cross-examination of the defendant. ■ Even under the circumstances of this case, where the defendant Domenico did not testify, we do not think the error was so grossly prejudicial as to require the trial court to stop the discourse without waiting for an objection or a motion to strike under the doctrine of *People* v. *Arends*, 155 Cal.App.2d 496, 508 [318 P.2d 532]. We cannot say here that after an examination of the entire cause, it is reasonably probable that a result more favorable to the defendant Domenico would have been reached in the absence of the error (*People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243])

as there was overwhelming evidence of the guilt of both defendants.

It is further argued that the presence of the gun in the court room during the proceedings was prejudicial and erroneous as to both defendants. The admission of such evidence is regulated by the sound discretion of the trial court, and we can see no abuse of discretion here. Furthermore, the verdict which found defendants guilty of burglary in the second degree (Pen. Code, § 460) refutes any allegations of prejudice because of the presence of the gun.

The second major contention on appeal is that the trial court's exclusion of a conversation between the defendant De Prima and one Jody Woods, improperly deprived the defendants of the defense of entrapment. A proper and timely objection was made in the trial court. Defendants argued there that the conversation was properly part of the res gestae. The defendant DePrima testified at the trial that he went to the Ebb Tide on the night of September 10th to keep an appointment with Jody Woods, the cocktail waitress. The facts, however, do not support even an inference of entrapment as a defense for either of the defendants. '' 'Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer.' '' (*People* v. *Judd,* 170 Cal.App.2d 212, 216 [338 P.2d 458], quoting *People* v. *Schwartz,* 109 Cal.App.2d 450, 454 [240 P.2d 1024].) Entrapment is a positive defense only when the accused can show that he was induced by an officer of the law to commit the crime. (*People* v. *Braddock,* 41 Cal.2d 794 [264 P.2d 521].) In view of defendant DePrima's testimony in which he admitted the burglary and the conspiracy, the exclusion of the testimony could not have been prejudicial to him. As to the defendant Domenico, the jury was entitled to disbelieve DePrima's testimony that only he, Jody Woods, and Friedman were in on the burglary. The prosecution was not compelled to call Jody Woods as a witness so long as there was presented to the court the material evidence bearing on the charge for which the defendants were on trial. (*People* v. *Lopez,* 169 Cal.App.2d 4, 9 [336 P.2d 614].) The statements of Jody Woods were properly excluded as hearsay. (*People* v. *Clough,* 59 Cal. 438; *People* v. *Louie Foo,* 112 Cal. 17 [44 P. 453].) Nor was there a sufficient showing

that the statements made by Jody Woods came within the res gestae rule (Code Civ. Proc., §§ 1850, 1870, subd. 7; *People* v. *Perkins*, 8 Cal.2d 502 [66 P.2d 631]), so that we can say that the trial court abused its discretion in excluding these statements. (*Dolberg* v. *Pacific Elec. Ry. Co.*, 126 Cal.App.2d 487 [272 P.2d 527]; *Showalter* v. *Western Pacific R.R. Co.*, 16 Cal. 2d 460 [106 P.2d 895].)

There is no merit in the contention that the court abused its discretion in denying defendant's motion for a new trial. The motion for a new trial was made on the basis of newly discovered evidence, the affidavit of Maurice Friedman that the gun belonged to him, and that Jody Woods and Maurice Friedman were subpoenaed to appear at the trial but did not appear. At the hearing on the motion, the trial court indicated that the matters relating to the gun were irrelevant as the charge of violation of Penal Code, section 12021, had been dismissed against the defendant Domenico, and both defendants had been convicted of burglary. As to Jody Woods there was nothing in the record and defendants' counsel could not advise the court as to what her testimony would be. ▮ The granting or denial of a motion for a new trial on the ground of newly discovered evidence rests in the sound discretion of the trial court. (*People* v. *Greenwood*, 47 Cal.2d 819 [306 P.2d 427].) ▮ The defendants' failure here to show why the witnesses were not located or subpoenaed at the time of the trial (*People* v. *Beard*, 46 Cal.2d 278 [294 P.2d 29]) and the failure to show what their testimony would be (*People* v. *Miramontes*, 153 Cal.App.2d 402 [314 P.2d 482]), indicates that there was no abuse of discretion by the trial court in denying their motion. (*People* v. *Patterson*, 169 Cal. App.2d 179 [337 P.2d 163].)

In view of the foregoing, the judgments of conviction and order denying motion for new trial must be and are hereby affirmed.

Dooling, J., and Draper, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 11, 1959.