[Crim. No. 10544. First Dist., Div. One. Mar. 13, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
JOHN DAVIS, Defendant and Respondent.

## COUNSEL

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, John T. Murphy, Ira J. Ross and Karl S. Mayer, Deputy Attorneys General, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

## OPINION

**ELKINGTON, J.**—The People appeal from an order granting defendant John Davis a new trial after a jury verdict finding him guilty of selling heroin, a violation of Health and Safety Code section 11501.

An undercover police officer testified to the following. He told one Reginald Reed he "was trying to cop, meaning [he] wanted to make a purchase of heroin." Reed said that a person known as "J. T." at 213 Thrift Street could supply such a narcotic. The two men went to that address and found defendant present. Reed told defendant that his companion was "okay." Defendant thereafter sold both of his visitors heroin. Other officers testified they saw both men enter and leave the 213 Thrift Street premises, after which the undercover officer produced a container of heroin.

Defendant testified that his wife from whom he was separated, and not he, resided at 213 Thrift Street. He said that the first time he ever saw the undercover officer was at the preliminary hearing, and although he knew Reed, he denied ever selling that person or the undercover officer any heroin.

The evidence established a strong case against defendant. Beyond any doubt the jury's verdict of conviction was supported by substantial evidence.

Following the verdict defendant moved for a new trial on the ground of "newly discovered evidence that is material and that could not be produced at the trial even though defendant had been diligent in attempting to secure said evidence and on all other statutory grounds."

In support of his motion for a new trial defendant made the following showing.

A declaration of defendant's attorney under penalty of perjury established that Reginald Reed had denied to him any participation by himself or defendant in the charged offense; that Reed agreed to testify on defendant's behalf and did in fact appear in court on the first day of the trial, at which time he was given a subpoena directing him to appear the following afternoon; that Reed did not appear as directed, whereupon on defendant's motion the trial was continued from Thursday, June 10, 1971, to the following Monday for the purpose of securing Reed's attendance; that counsel and the defendant "attempted to locate Mr. Reed that Friday, Saturday and Sunday, and could find no trace of him nor any information concerning his whereabouts"; that several days after the verdict Reed called the attorney saying "he had been in custody during the time he was to appear and testify." On June 10 a police officer had told counsel that if Reed appeared and testified he "would personally arrest Mr. Reed for perjury."

An accompanying declaration of Reed, among other things, stated that he had promised defendant's attorney that he would testify, that he was on June 9 subpoenaed to attend the trial as a witness on the following day, but that on the evening of June 9 he was arrested "on a year old bench warrant from a drunk driving case"; that because of his arrest, he stated, he was unable to appear as a witness at the trial; had he so appeared, he said, "I would have testified that I never bought any narcotics from the defendant John T. Davi[s] nor had I taken [the undercover police officer] or any other person to 213 Thrift Street on or about September 18, 1970, to purchase any narcotics; and if there is any further hearing in this matter, I will appear and so testify."

Proof adduced at the hearing on motion for a new trial established Reed's declaration that he was arrested June 9, and therefore unable to attend the trial, to be false.

The trial court granted the motion for a new trial "on the grounds that defendant was deprived of the testimony of a material witness through no fault of his own."

It will be seen that the motion was not granted on any of the eight enumerated statutory grounds of Penal Code section 1181, q.v. Particularly it was not based on "newly discovered evidence" (Pen. Code, § 1181, subd. 8), for it has been firmly held that such a ground does not embrace witnesses and matters known to the defendant at the time of trial. (See *People* v. *Williams,* 57 Cal.2d 263, 273 [18 Cal.Rptr. 729, 368 P.2d 353]; *People* v. *Greenwood,* 47 Cal.2d 819, 822 [306 P.2d 427].)

It has been said that a motion for a new trial being a statutory right, such a motion "in a criminal case may be made only on the grounds enumerated in section 1181, Penal Code." (*People* v. *Sainz,* 253 Cal.App.2d 496, 500 [61 Cal.Rptr. 196]; see also *People* v. *Amer,* 151 Cal. 303, 305 [90 P. 698]; *People* v. *Kingsbury,* 70 Cal.App.2d 128, 131 [160 P.2d 587]; *People* v. *Fry,* 137 Cal.App. 525, 529 [31 P.2d 204]; *People* v. *Skoff,* 131 Cal.App. 235, 239 [21 P.2d 118].)

But, nevertheless, new trials are frequently granted on nonstatutory grounds where the failure so to do would result in a denial of a fair trial to a defendant in a criminal case. In *People* v. *Roubus,* 65 Cal.2d 218 [53 Cal.Rptr. 281, 417 P.2d 865], the trial court advised the jury to acquit the defendant at the close of the People's case, as then permitted by Penal Code section 1118 (repealed 1967). The jury, however, "not being bound by the advice," returned a guilty verdict. On motion for a new trial the defendant complained that because of the "advised verdict," she did not

have an opportunity to put on her defense. Although such was not a statutory ground the motion was granted, and the People appealed. The Supreme Court affirmed, stating (p. 223): "The jury found her guilty without hearing her defense, and under the circumstances it does not appear that she had a fair trial."

As early as 1890, the same court said, "An attempt on the part of any person, whether through the medium of a newspaper or otherwise, to influence a jury by any improper means to bring in a verdict against a defendant is a palpable violation of his right to a fair and impartial trial, and if it appears to the court to have had such an effect, a new trial should be granted." (*People* v. *Murray,* 85 Cal. 350, 361 [24 P. 666].) Such a ground for granting a new trial was unauthorized by statute. Similarly in *People* v. *Agnew,* 77 Cal.App.2d 748, 763 [176 P.2d 724], although approving denial of a new trial, the court indicated that in a proper case "widespread animosity" against a defendant during his trial was, in the discretion of the court, a nonstatutory ground for a new trial.

Closer to the context of the case before us is *People* v. *DePrima,* 172 Cal.App.2d 109, 116 [341 P.2d 840]. There, as here, a defense witness was subpoenaed to attend the trial but he did not appear. On that ground a motion for a new trial was made. The new trial was denied. On appeal the appellate court stated that defendant's failure to again endeavor to locate and subpoena the witness during the trial, and failure to show what the witness' testimony would be, indicated "no abuse of discretion by the trial court" in denying the motion. Clearly implied was the premise that where, *through no fault of the defendant,* a witness does not appear a new trial may, in the trial court's discretion, be granted. In other jurisdictions where a material witness is absent without fault of the accused, it is held that his absence may justify a new trial. (See 58 Am.Jur.2d, New Trial, p. 226, § 40; 24 C.J.S., Criminal Law, p. 49, § 1439.)

■ The power to grant a new trial on such nonstatutory grounds obviously is derived from the trial court's constitutional duty to insure an accused a fair trial. (See *In re Saunders,* 2 Cal.3d 1033, 1041 [88 Cal. Rptr. 633, 472 P.2d 921].) As said in *People* v. *Lyons,* 47 Cal.2d 311, 319 [303 P.2d 329], "It is axiomatic that when an accused is denied that fair and impartial trial guaranteed by law, such procedure amounts to a denial of due process of law . . . ." And, of course, a constitutional duty may not be abridged by statute.

■ In the instant case the trial court in its discretion reasonably con-

cluded, on the substantial showing made, that without fault on his part the defendant had not received a fair trial.

■ In passing on a motion for a new trial the trial court has very broad discretion, and reviewing courts are reluctant to interfere with a decision granting or denying such a motion unless there is a clear showing of an abuse of discretion. (*People* v. *Robarge,* 41 Cal.2d 628, 633 [262 P.2d 14].) ■ We find no abuse of discretion here.

We are unpersuaded by the People's argument that we should conclude from the record that "it is improbable that the. new evidence will change the outcome of the cause." We think such a determination is ordinarily best left with the trial court.

For the reasons stated the order granting a new trial will be affirmed.

Affirmed.

Molinari, P. J., and Sims, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 9, 1973.