[Crim. No. 36609. Second Dist., Div. Three. Jan. 15, 1981.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE RAMOS CARDENAS, Defendant and Respondent.

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Gary R. Hahn and Carol Slater Frederick, Deputy Attorneys General, for Plaintiff and Appellant.

Peter A. Goldenring, under appointment by the Court of Appeal, and Goldenring & Goldenring for Defendant and Respondent.

OPINION

SMITH (P. S.), J.*—

### STATEMENT OF THE CASE

In an information filed by the District Attorney of Ventura County, respondent Jose Ramos Cardenas (Cardenas) was charged in count III with the crime of rape, in violation of Penal Code section 261, subdivision 2, and in count IV with aiding and abetting a codefendant in an act of forcible sexual intercourse, in violation of Penal Code sections 261, subdivision 2, and 264.1. Cardenas pleaded not guilty.

A motion to suppress pursuant to Penal Code section 1538.5 was submitted to Judge Shaw on the transcript of the preliminary hearing. The judge granted Cardenas' motion; however, as part of his suppression order he made a ruling that the testimony of the victim would be admitted.

At the time of the trial, Cardenas made a motion *in limine* before Judge Ruffner. The motion was tantamount to a motion to overrule that portion of Judge Shaw's order admitting the testimony of the victim. The motion was denied. After a jury trial, Cardenas was found

*Assigned by the Chairperson of the Judicial Council.

guilty of count III but the jury refused to find that he acted in concert with his codefendant in violation of count IV.

Cardenas' motion for a new trial was granted by the trial court on the ground the victim should not have been permitted to testify about the unlawful police stop of Cardenas' vehicle. The People pursuant to Penal Code section 1238, subdivision (a)(3), appeal from the order granting Cardenas' motion for a new trial.

## STATEMENT OF FACTS

Just prior to midnight on March 3, 1979, the victim left a party and went to an onramp of the 101 Freeway where she started hitchhiking. An older model Cadillac containing three people, one of whom was Cardenas, stopped and gave her a ride.

She testified that all three occupants of the vehicle had sexual intercourse with her against her will and without her consent. Shortly after the last act of sex had been completed, the vehicle was driven out of a field and stopped by a police car, operated by a Ventura County deputy sheriff.

At the time the Cadillac was stopped, Cardenas was driving the vehicle and the victim was in the back seat on the passenger's side. Less than a minute after the officers approached the vehicle, the victim exited the vehicle. She proceeded to tell a deputy sheriff that she had been raped by the three occupants in the Cadillac. All three suspects were then arrested for rape.

## DISCUSSION

The central issue in this case is whether the trial court had the authority to grant a new trial on the grounds that a previous pretrial ruling made by another judge of the same court on a motion brought pursuant to Penal Code section 1538.5 was erroneous. The pretrial ruling found that the police detention of Cardenas' vehicle was unlawful and excluded all physical evidence taken from the defendants[1] including their statements.

---

[1]Defendant Ronald A. George was previously charged in the same information with Cardenas but pled guilty on September 7, 1979. On August 21 and again on August 29, 1979, the People moved unsuccessfully to consolidate the case of People v. Blount, case No. 14682, with the Cardenas matter.

The only statutory grounds set forth in his motion for a new trial by Cardenas were those found in subdivisions 5 and 7 of Penal Code section 1181.[2]

Insofar as it relates to the granting of the new trial, the victim testified she was riding in the back seat of a vehicle driven by Cardenas when the car was pulled over by the police. She asked the police if she could get out of the vehicle. She got out of the car and over the course of an hour she related the details of the rape to a police officer.

The trial judge decided that his colleague had been wrong in refusing to exclude this testimony pursuant to the suppression motion in the denial of Cardenas' motion *in limine*, which in reality was nothing more than a motion to reconsider that portion of the suppression motion which had previously been denied.

■ We begin with the general proposition that a motion for new trial is a statutory right and may be made only on the grounds enumerated in Penal Code section 1181. (*People v. Sainz* (1967) 253 Cal. App.2d 496, 500 [61 Cal.Rptr. 196].) The only exception to the rule occurs where strict adherence to the rule would deny the accused due process of law. Since the duty of the trial court to afford every defendant in a criminal case a fair and impartial trial is of constitutional dimension, the inherent power of the court to correct matters by granting a new trial transcends statutory limitations. (*People v. Oliver* (1975) 46 Cal.App.3d 747, 751 [120 Cal.Rptr. 368].)

However, as we shall see below, none of the due process considerations applies to the case at bar. In enacting Penal Code section 1538.5, the Legislature set up an elaborate but exclusive pretrial procedure,

---

[2]Penal Code section 1181 reads in pertinent part: "[T]he court may, upon his application, grant a new trial, in the following cases only:

". . . . . . . . . . . . . .

"5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising *during the course of the trial*, and when the district attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct during the trial thereof before a jury;

". . . . . . . . . . . . . .

"7. When the verdict or finding is contrary to law or evidence, but in any case wherein authority is vested by statute in the trial court or jury to recommend or determine as a part of its verdict or finding the punishment to be imposed, the court may modify such verdict or finding by imposing the lesser punishment without granting or ordering a new trial, and this power shall extend to any court to which the case may be appealed; . . ." (Italics added.)

*including pretrial appellate review*, for suppressing evidence that was seized as a result of an unlawful search and seizure.

"According to committee reports prepared prior to the enactment of section 1538.5, the intent underlying that section was to reduce the unnecessary waste of judicial time and effort involved in the prior procedures, whereby search and seizure questions could be repeatedly raised in criminal proceedings. (22 Assembly Interim Com. Report No. 12 (1965-1967) p. 13, contained in Vol. 2 to Appendix to Journal of the Assembly (1967), hereafter 'Assembly Reports.') Another acknowledged deficiency in the prior practice was the disadvantageous use of jury time resulting from the determination of search and seizure questions during the course of trial, thereby interrupting the trial's continuity. (Assembly Reports, *supra*, p. 14.) A third consideration in favor of requiring pretrial determination of motions to suppress was to afford the prosecution an opportunity to obtain appellate review of adverse rulings before trial had commenced and jeopardy had attached. (Assembly Reports, *supra*, pp. 15-16.) Consequently, the proposed drafts of section 1538.5 each limited defendant's right to make a motion to suppress at trial to situations wherein he was either unaware of his grounds for suppression, or unable to so move at pretrial proceedings. (Assembly Reports, *supra*, p. 16.) Nevertheless, it was suggested that the trial judge should have discretion to entertain such a motion, made for the first time at trial, if defendant's failure to so move prior to trial was otherwise excusable. (Assembly Reports, *supra*, pp. 16, 20, 31.) Accordingly, the last sentence of subdivision (h) was added to provide for the discretionary allowance of motions during trial. However, as indicated in *People* v. *O'Brien, supra*, 71 Cal.2d 394, that sentence does not authorize the *renewal* of motions previously denied at pretrial proceedings." (*People* v. *Superior Court* (*Edmonds*) (1971) 4 Cal.3d 605, 610 [94 Cal.Rptr. 250, 483 P.2d 1202].)

■ The Supreme Court in *Edmonds* approved of the rule that had previously been adopted in *People* v. *O'Brien* (1969) 71 Cal.2d 394 [78 Cal.Rptr. 202, 79 Cal.Rptr. 313, 455 P.2d 138, 456 P.2d 969], wherein the court held that motions made pursuant to Penal Code section 1538.5 which had been denied could not be renewed. The court indicated that the only exception to the rule was that a new motion could be made based upon grounds that were either unavailable or unknown to the defendant at the time his prior motion was denied, citing Penal Code section 1538.5, subdivision (h), an exception that is not urged by Cardenas.

Dicta in the *Edmonds* case in footnote 7, 4 Cal.3d at page 611, explicitly states "Any judicial error occurring at the *pretrial* hearing would not be within the scope of [Pen. Code] section 1181 and would be reviewable only by petition for extraordinary relief under section 1538.5, subdivision (i), or on appeal from a conviction following trial."

In the instant case neither Cardenas nor the People saw fit to file a petition for extraordinary relief. The issue of the police detention was a close one and counsel for Cardenas may not have wanted to risk a reversal of the pretrial order finding that the detention was unlawful.

In effect, counsel for Cardenas contends that since the trial court's order granting a new trial was directed at *its* alleged error, *during the course of the trial*, in denying a motion *in limine*, that it therefore had jurisdiction to grant a new trial under subdivision 5 of Penal Code section 1181. The obvious problem with adopting this line of reasoning is that it would permit a party to do indirectly what he is prohibited from doing directly—to renew a section 1538.5 motion previously denied at a pretrial hearing.

Finally, prohibiting review of a pretrial suppression by the trial judge on a motion for new trial does not violate the defendant's right to due process of law because under the provisions of subdivision (i) of Penal Code section 1538.5, the defendant is given even greater protection, namely, the right to pretrial appellate review by more than one justice.

Since the trial court had no authority to grant a new trial on the basis of an alleged erroneous pretrial ruling by another judge, the order granting the new trial must be set aside and vacated.

In light of our ruling it is unnecessary to discuss the propriety of the pretrial ruling insofar as it applies to the victim's testimony.

Accordingly, the order of the trial court setting aside the jury verdict and ordering a new trial is reversed.

Klein, P. J., and Allport, J., concurred.