Filed 2/26/14  P. v. Byron CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOSEPH BYRON et al.,<br><br>    Defendants and Respondents. | B241866<br><br>(Los Angeles County<br>Super. Ct. No. NA087478) |

        APPEAL from an order of the Superior Court of Los Angeles County.  Joan Comparet-Cassani, Judge.  Affirmed.

        Steve Coolie and Jackie Lacey, District Attorneys, Roberta Schwartz, Phyllis Asayama and Cassandra Hart, Deputy District Attorneys, for Plaintiff and Appellant.

        J. David Nick and E. Michael Linscheid, for Defendant and Respondent Joseph Byron.

        John Steinberg, under appointment by the Court of Appeal, for Defendant and Respondent Joseph Grumbine.

_____

A jury found Joseph Byron and Joseph Grumbine guilty of several counts of sale of marijuana, grand theft of utility services, and tax evasion, but the trial court ordered a new trial after concluding multiple errors resulted in defendants being denied a fair trial.

The People appeal the order, contending (1) the trial court lacked jurisdiction to order a new trial on the ground that defendants were denied a fair trial; (2) the trial court lacked jurisdiction to order a new trial on grounds never raised by defendants; and (3) defendants received a fair trial.

The People's contentions are without merit. Under the California Constitution, a trial court may order a new trial when a defendant has been denied a fair trial, and the trial court here did not abuse its discretion in doing so. Thus, we affirm the new trial order.

## BACKGROUND

Defendants operated two storefront medical marijuana dispensaries and a cultivation facility in the City of Long Beach. In 2009, they sold marijuana to Long Beach police officers acting undercover, in transactions the police secretly videorecorded. Long Beach police then executed search warrants at the dispensaries, the cultivation location, and defendants' residences, seizing marijuana, cash, and business records. Defendants were jointly charged with twelve counts of sale of marijuana (Health & Saf. Code, § 11360, subd. (a)) and Byron was separately charged with two counts of grand theft of electricity (Pen. Code, § 487, subd. (a)) and two counts of tax evasion (Rev. & Tax. Code, § 7153.5).

Defendants pleaded not guilty and asserted an affirmative defense provided by the Medical Marijuana Program Act, Health and Safety Code section 11362.7, et seq. Specifically, defendants relied on section 11362.775, which provides: "Qualified patients, persons with valid identification cards, and the designated primary caregivers of qualified patients and persons with identification cards, who associate within the State of California in order collectively or cooperatively to cultivate marijuana for medical purposes, shall not solely on the basis of that fact be subject to state criminal sanctions

2

under Section . . . 11360 [transporting, importing, selling, furnishing, or giving away marijuana] . . . ."

In September and November 2011, the trial court, Judge Charles D. Sheldon presiding, granted the prosecution's motion to exclude defendants' medical marijuana defense, specifically prohibiting them from calling any witnesses pertaining to the defense. On November 28, 2011, we granted defendants' petition to overturn that ruling and remanded the matter for trial.

On the day of remand, which was also the first day of trial, defendants moved for a two-day continuance to permit them to subpoena witnesses relevant to their newly revived defense. Judge Sheldon denied the motion and trial commenced immediately.

During a three-week jury trial, defendants testified they were qualified patients who operated a medical marijuana collective, members of which were all qualified patients, and thus did not engage in the illicit sale of marijuana. The prosecution presented evidence that defendants operated their dispensaries similar to retail establishments, took nothing but cash from members of the purported collective, and profited from the sale of marijuana. The prosecution also presented evidence that one of the dispensaries used un-metered electricity and Byron failed to file tax returns.

The jury found defendants guilty on all counts.

Before sentencing, Byron filed a challenge to Judge Sheldon for cause. (Code Civ. Proc., § 170.1.) On January 11, 2012, Judge Sheldon recused himself, and the case was reassigned to Judge Joan Comparet-Cassani. Defendants then filed a motion for new trial, contending (1) insufficient evidence supported the verdicts; (2) at least one juror committed misconduct by conducting independent research; and (3) Judge Sheldon misinstructed the jury on the medical marijuana defense and committed several other procedural and evidentiary errors, including limiting their witnesses and denying their request for a continuance, all of which resulted in defendants being denied a fair trial.

At a hearing on April 13, 2012, Judge Comparet-Cassani rejected some of defendants' contentions, found others to be true, and identified several other errors that contributed to an unfair trial. Judge Camparet-Cassani was greatly concerned about

3

denial of defendants' motion for a continuance, limitations placed on the number of defense witnesses, instances of possible juror misconduct, and several evidentiary, instructional and procedural errors that infringed on defendants' right to receive a fair trial. Further, Judge Comparet-Cassani found the trial court set an inappropriate tone by complimenting prosecution counsel in front of the jury while frequently denigrating defense counsel. Judge Camparet-Cassani found the trial court overruled numerous meritorious evidentiary objections raised by defense counsel, yelled at counsel, prohibited sidebar conferences, threatened counsel with contempt several times in the presence of the jury, and refused to permit counsel, who was crying at one point, a moment to compose herself before the jury was brought in. Granting defendants' motion, Judge Camparet-Cassani stated, "I'm speechless. It was a terrible trial. It was unfair."

The People appeal the order granting a new trial.

## DISCUSSION

A trial court is responsible for ensuring that an accused receives a fair trial. (*Glasser v. United States* (1942) 315 U.S. 60, 71, superceded on other grounds as stated in *Bourjaily v. United States* (1987) 483 U.S. 171, 107; *People v. Fosselman* (1983) 33 Cal.3d 572, 582.) When the trial has not been fair, the trial court, in its exercise of supervisory power over the verdict, must order a new trial, and thereby expedite justice by avoiding appellate review or habeas corpus proceedings. (*People v. Cornwell* (2005) 37 Cal.4th 50, 87, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22 [spectator misconduct]; *People v. Sherrod* (1997) 59 Cal.App.4th 1168 [failure to grant a continuance]; *Merrill v. Superior Court* (1994) 27 Cal.App.4th 1586 [prosecution's failure to disclose exculpatory evidence]; *People v. Albarran* (2007) 149 Cal.App.4th 214 [due process violation]; *People v. Davis* (1973) 31 Cal.App.3d 106, 110 [deprivation of material evidence]; see also *People v. Fosselman* (1983) 33 Cal. 3d 572, 582-583 [a new trial motion is the proper and preferred method of raising the fairness issue].)

The trial court enjoys broad discretion in ruling upon a motion for new trial. (*People v. Ault* (2004) 33 Cal.4th 1250, 1260.) The court "is not bound by conflicts in

4

the evidence, and reviewing courts are reluctant to interfere with a decision granting or denying such a motion unless there is a clear showing of an abuse of discretion." (*People v. Robarge* (1953) 41 Cal.2d 628, 633.)

The People contend Judge Camparet-Cassani abused her discretion in granting defendants' motion for new trial on the ground that they were deprived of a fair trial.

"The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." (*Chambers v. Mississippi* (1973) 410 U.S. 284, 294.) A trial court may not deny a short continuance where to do so would deprive the defendant of a reasonable opportunity to prepare. (*People v. Sakarias* (2000) 22 Cal.4th 596, 646; *People v. Locklar* (1978) 84 Cal.App.3d 224, 230.)

On September 22, 2011, Judge Sheldon denied defendants' request to present an affirmative medical marijuana collective defense. On November 2, Judge Sheldon excluded any defense witnesses that were to testify as to that defense. On November 28, the trial court received our order reinstating the defense. On that same day, defendants requested a two-day continuance to permit them to subpoena their witnesses. The request was denied on the ground that 50 pre-qualified jurors were present in the courthouse and ready for trial. Trial commenced immediately. From these facts, it was well within Judge Camparet-Cassani's broad discretion to find defendants were denied the fundamental right to call witnesses.

The People approach the question as if Judge Camparet-Cassani was an appellate court reviewing a trial court's action for abuse of discretion. They refer to Judge Sheldon as the "trial court" and Judge Camparet-Cassani as the "reviewing court" and argue the trial court has broad discretion in determining whether to grant a continuance, and may be countermanded by a reviewing court only if the decision was unreasoning and arbitrary. The People have the correct standard of review but they apply it to the wrong court. Here, the trial court, not a reviewing court, granted defendants' motion for new trial. It makes no difference that different judges were involved—they were both trial

5

court judges. The question therefore is not whether Judge Sheldon abused his discretion in denying the continuance, but whether Judge Camparet-Cassani's finding that the denial resulted in an unfair trial was arbitrary and unreasoning.

We cannot conclude it was. When a defense has been precluded and witness testimony probative to that defense excluded, defense counsel may reasonably be expected to focus their efforts accordingly, preparing for issues the trial court considers to be relevant and ignoring those the court has indicated cannot be raised. When that landscape changes, for example after appellate reversal and remand, defense counsel may find themselves unprepared. Further, defense counsel may find it difficult to prepare an effective defense while trial is ongoing. In that setting, it is reasonable to conclude a two-day continuance is essential to ensure a fair trial.

The People argue defendants' counsel should have predicted we would reverse the trial court's order precluding the medical marijuana collective defense and should have had their witnesses ready. Even if they could not anticipate our reversal, the People argue, defense counsel could have subpoenaed (and presumably prepared) their witnesses during the two weeks the prosecution took to present the case-in-chief. These points are irrelevant. The question is not whether on balance defense counsel should have taken one action or another, but whether circumstances permitted the trial court reasonably to conclude counsel were denied a fair opportunity to prepare. The timeline itself suggests they were denied such an opportunity. Whether counsel should have acted otherwise was a question for the trial court to resolve. Our review is only for abuse of discretion.

The People argue the trial court lacked jurisdiction to order a new trial on the ground that the trial was unfair because Penal Code section 1181, which authorizes a new trial under specified conditions, does countenance a new trial on that ground. The argument is without merit. True, section 1181 sets forth nine circumstances under which—"only" under which—a new trial may be ordered, and denial of a fair trial is not among them. For example, a trial court may grant a new trial when the jury has received evidence out of court, the jury has been guilty of misconduct, or the verdict is contrary to

law or the evidence.  (Pen. Code, § 1181.)[1]  Nevertheless, the Legislature is without

power to cabin the constitutional duty of trial courts to ensure that defendants be

accorded due process.  (*People v. Davis*, *supra*, 31 Cal.App.3d at p. 110.)

---

[1] Penal Code section 1181 provides:

"When a verdict has been rendered or a finding made against the defendant, the court
may, upon his application, grant a new trial, in the following cases only:

"**1.** When the trial has been had in his absence except in cases where the trial may
lawfully proceed in his absence;

"**2.** When the jury has received any evidence out of court, other than that resulting from a
view of the premises, or of personal property;

"**3.** When the jury has separated without leave of the court after retiring to deliberate
upon their verdict, or been guilty of any misconduct by which a fair and due
consideration of the case has been prevented;

"**4.** When the verdict has been decided by lot, or by any means other than a fair
expression of opinion on the part of all the jurors;

"**5.** When the court has misdirected the jury in a matter of law, or has erred in the
decision of any question of law arising during the course of the trial, and when the district
attorney or other counsel prosecuting the case has been guilty of prejudicial misconduct
during the trial thereof before a jury;

"**6.** When the verdict or finding is contrary to law or evidence, but if the evidence shows
the defendant to be not guilty of the degree of the crime of which he was convicted, but
guilty of a lesser degree thereof, or of a lesser crime included therein, the court may
modify the verdict, finding or judgment accordingly without granting or ordering a new
trial, and this power shall extend to any court to which the cause may be appealed;

"**7.** When the verdict or finding is contrary to law or evidence, but in any case wherein
authority is vested by statute in the trial court or jury to recommend or determine as a part
of its verdict or finding the punishment to be imposed, the court may modify such verdict
or finding by imposing the lesser punishment without granting or ordering a new trial,
and this power shall extend to any court to which the case may be appealed;

"**8.** When new evidence is discovered material to the defendant, and which he could not,
with reasonable diligence, have discovered and produced at the trial.  When a motion for

7

The People also argue the trial court lacked jurisdiction to order a new trial on grounds never raised by respondents. They cite Judge Camparet-Cassani's findings of several evidentiary, instructional and procedural errors, several of which were not raised by defendants in their motion and all of which, the People contend, can be explained or were de minimis.

The argument proceeds on a false premise. The trial court expressly found the trial was unfair, in part because Judge Sheldon denied defendants' request for a continuance. Defendants' expressly argued in their motion for new trial that they were "denied a right to a fair trial," in part because their request for a continuance was denied. The trial court thus granted a new trial on the exact ground raised by defendants. Judge Camparet-Cassani's findings that other errors also rendered the trial unfair were unnecessary to her ruling.

---

a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as, under all circumstances of the case, may seem reasonable.

"**9.** When the right to a phonographic report has not been waived, and when it is not possible to have a phonographic report of the trial transcribed by a stenographic reporter as provided by law or by rule because of the death or disability of a reporter who participated as a stenographic reporter at the trial or because of the loss or destruction, in whole or in substantial part, of the notes of such reporter, the trial court or a judge, thereof, or the reviewing court shall have power to set aside and vacate the judgment, order or decree from which an appeal has been taken or is to be taken and to order a new trial of the action or proceeding."

8

**DISPOSITION**

The order granting a new trial is affirmed.

NOT TO BE PUBLISHED.


                                                    CHANEY, Acting P. J.


We concur:



JOHNSON, J.



MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.